IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.:   19-03977 |
| | ) | |
| Charissa A Stiefvater | ) | Chapter 13 |
| | ) | |
| | ) | Judge:   Carol A. Doyle |
| Debtor(s) | ) | |

TO:  Trustee Tom Vaughn, 55 E. Monroe Street, #3850, Chicago, IL 60603;

See attached service list.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan, Docket # 25 to the above named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on April 3, 2019.


/s/ *David H. Cutler*
Attorney for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

A/r Concepts
18-3 E Dundee Rd
Barrington, IL 60010

Amercred
400 West Lake Street
Roselle, IL 60172

Caine & Weiner
Attn: Bankruptcy
Po Box 5010
Woodland Hills, CA 91365

Capital One
15000 Capital One Dr
Richmond, VA 23238

Certified Services Inc
Attn: Bankruptcy Dept
1300 N Skokie Highway Suite 103a
Gurnee, IL 60031

Chamberlain College
3005 Highland Parkway
Downers Grove, IL 60515

Credit One Bank
Attn: Bankruptcy
Po Box 98873
Las Vegas, NV 89193

Merchants Credit
223 W Jackson Blvd
Ste 700
Chicago, IL 60606

MidAmerica Bank & Trust Company
Attn: Bankruptcy
Po Box 400
Dixon, MO 65459

Nationwide Credit & Collections, Inc
Attn : Bankruptcy
815 Commerce Dr Ste 270
Oak Brook, IL 60523

Nelnet on behalf of GLHEC
Attn: Claims
Po Box 82505
Lincoln, NE 68501


Nordstrom
1600 Seventh Ave, Suite 2600
Seattle, WA 98101


OneMain Financial
Attn: Bankruptcy
601 Nw 2nd Street
Evansville, IN 47708


PNC Bank, National Association
PO Box 1397
Pittsburgh, PA 15230-1397


Portfolio Recovery
120 Corporate Blvd Ste 100
Norfolk, VA 23502


Santander Consumer USA, Inc.
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161


Synchrony Bank/PayPal Cr
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896


World Acceptance/Finance Corp
Attn: Bankruptcy
Po Box 6429
Greenville, SC 29606

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Charissa A Stiefvater** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number: **19-03977**
(If known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**1.3, 3.2, 3.5, 4.3, 5.1, 8.1**

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$946.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

■ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
■ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Charissa A Stiefvater** | Case number | **19-03977** |

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**56,760.00**.

### Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

- ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

  (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Santander Consumer USA, Inc. | $32,556.12 | 2013 Nissan Pathfinder 96,000 miles | $15,025.00 | $0.00 | $15,025.00 | 7.00% | $297.51 | $17,850.60 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

| Debtor | **Charissa A Stiefvater** | Case number | **19-03977** |
|---|---|---|---|

**3.4    Lien avoidance.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of Creditor** | **Collateral** |
|---|---|
| **PNC Bank, National Association** | **315 Kemah Lane Schaumburg, IL 60193 Cook County** |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1    General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,676.00**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,910.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $            .
- ■ **100.00**% of the total amount of these claims, an estimated payment of $  **26,412.61**  .
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

| Debtor | **Charissa A Stiefvater** | Case number | **19-03977** |
|---|---|---|---|

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

■ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Nelnet on behalf of GLHEC** | $0.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | $0.00 | $0.00 |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐ plan confirmation.
■ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**
■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**
If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.

X **/s/ Charissa A Stiefvater**                               X _____
**Charissa A Stiefvater**                                             Signature of Debtor 2
Signature of Debtor 1

Executed on   **April 3, 2019**                              Executed on _____

X **/s/ David H. Cutler**                                      Date   **April 3, 2019**
**David H. Cutler**
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Charissa A Stiefvater** | Case number | **19-03977** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $17,850.60 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $9,586.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $26,412.61 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*     + | $0.00 |
| | **Total of lines a through j** | $53,849.21 |